# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 13-22882-Civ-COOKE/TURNOFF

JOHN BROWNING, on behalf of himself and
all others similarly situated,

                      Plaintiff,

    v.

TRACFONE WIRELESS, INC. d/b/a
STRAIGHT TALK WIRELESS, NET10
WIRELESS, SIMPLE MOBILE and TELCEL
AMERICA and WAL-MART STORES, INC.,

                 Defendants.

**AMENDED CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, John Browning, by and through the undersigned attorneys, brings this Class Action Complaint against the Defendants, TRACFONE WIRELESS, INC. d/b/a STRAIGHT TALK WIRELESS, NET10 WIRELESS, SIMPLE MOBILE and TELCEL AMERICA (hereafter referred to as "TRACFONE") and WAL-MART STORES, INC. (hereafter referred to as "WAL-MART") and alleges as follows:

## NATURE OF THIS CASE

1.    Plaintiff brings this class action on behalf of himself and all other similarly situated consumers who have been harmed by Defendants' deceptive and unfair trade practice of marketing its "no-contract" cell phone services as being "unlimited" when in fact those services are subject to a number of limiting conditions that either are not disclosed or inadequately disclosed to consumers.

2.    TracFone touts itself as America's largest no-contract, prepaid cell phone provider in the United States, with over 22.4 million subscribers. TracFone markets and sells throughout the United States various cell phones and cell phone service plans under a number of

brand names, including Straight Talk, Net10 Wireless, Simple Mobile and Telcel America. Each of these brands is a registered trademark of TracFone.

3.     TracFone's business model for each of its brand names identified above consists of two components.  First, TracPhone requires consumers to purchase either a TracFone-branded cell phone or a TracFone SIM card which can be used in certain non-TracFone-branded cell phones. TracFone service cannot be obtained without a consumer using either a TracFone-branded phone, which is pre-programmed and locked by TracFone, or a TracPhone SIM card, which can only be used in certain types of unlocked phones not branded by TracFone.  Next, TracPhone requires consumers to purchase a separate "service card" which TracPhone advertises as a "no-contract" service plan.  Defendants earn substantial profits on the sale of TracFone prepaid service cards, which are required to make and receive calls on TracFone compatible cell phones (*i.e.,* TracFone branded cell phones or certain non-TracFone branded phones able to accept a TracFone SIM card).

4.      TracFone is considered a "Mobile Virtual Network Operator" or "MVNO" in the wireless industry.  TracFone contracts with facilities-based wireless providers to purchase airtime on their networks for use by all TracFone's customers.  All of the TracFone brands that are the subject of this complaint are operated on the same wireless networks.

5.     TracFone phones and service cards are sold through major national retailers such as Wal-Mart, Target and Best Buy.  TracPhone cell phones, SIM cards and service plans under the Straight Talk brand are exclusively sold at Wal-Mart stores.

6.     Through virtually identical marketing campaigns, Defendants lure consumers into purchasing phones and service plans under all of its various brands by aggressively and uniformly promoting "unlimited," "no-contract" service plans.  Front and center and prominently

featured in Defendants' advertisements, including on the product packaging and labels, are statements that "unlimited" cellular phone plans provide unlimited talk, text and data nationwide anytime.   Similarly, these advertisements indicate that there is no contract required to use the TracFone services.

7.      Nowhere in any of these advertisements is it disclosed, or adequately disclosed, that TracFone's "unlimited" plans are actually limited.  Indeed,  Defendants fail to disclose that TracFone "throttles" (*i.e.* reduces the speed) or completely terminates a consumer's access to data on their TracPhone cellular phone when the consumer has approached or exceeded Defendants' internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.

8.      Once Defendant TracFone throttles or terminates data service on an "unlimited" service plan, TracFone does not restore data access or regular data speeds unless and until the consumer's prepaid data plan expires, in the case of multi-month or yearly plans, or until the next 30-day cycle, in the case of monthly plans.  When the consumer purchases a new prepaid data plan or a new 30-day cycle begins, Defendant TracFone again "throttles" or terminates the consumer's access to data when the consumer has approached or exceeded Defendant's internally proscribed and undisclosed data usage limits.

9.      Consumers, including Plaintiff and members of the proposed class, have lodged numerous complaints with Defendants about the deceptive practice promising "unlimited" service but then throttling or terminating that service on the basis of surreptitious criteria. These complaints have been to no avail, and in response, Defendants send consumers to an automated system that vaguely asserts the consumers have misused their data service, and provides no

explanation of the alleged misuse or any legitimate reason why the data service has been throttled or terminated.

10.     As a result of Defendants' deceptive "unlimited" data representations, consumers – including Plaintiffs and members of the proposed Class – have purchased a product and accompanying service that does not perform as advertised.

11.     Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased the products and services identified herein so as to halt the dissemination of deceptive and misleading advertising, to correct the deceptive and misleading perception Defendants have created in the minds of consumers, and to obtain redress for those who have purchased TracFone branded phones or SIM cards and accompanying "unlimited" service plans.   Alleging violations of FDUTPA, breach of express warranties and unjust enrichment, Plaintiff seeks injunctive and monetary relief for himself and consumers who purchased TracFone branded phones and SIM cards and accompanying "unlimited" service plans.

## PARTIES

12.     Plaintiff John Browning is a Florida resident.

13.     Defendant TracFone Wireless, Inc. is a Delaware corporation and is headquartered in Miami, Florida.

14.     Defendant Wal-Mart Stores, Inc. is headquartered in Bentonville, Arkansas.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

16.     Venue lies in this District, pursuant to 28 U.S.C. § 1391, as Defendant TracFone resides in this Judicial District, both Defendants TracFone and Walmart transact in this Judicial District, and both Defendants have intentionally availed themselves of the laws and markets within this District, and therefore each is subject to personal jurisdiction in this Judicial District and each resides in this Judicial District for venue purposes.

## FACTUAL ALLEGATIONS

### Defendant TracFone's Deceptive Advertising and Marketing of Unlimited Service Plans

17.     Defendant TracFone lures consumers into purchasing its phones and "unlimited" service plans, from which it generates significant revenue, by promoting its cell phones or SIM cards when used in conjunction with its unlimited service plans as providing unlimited talk, text and data access with "no contract," at a significantly lower price than its competitors.

18.     Defendant TracFone employs numerous methods to convey its uniform and deceptive "unlimited" talk, text and data plan representations to consumers, including through the use of print, radio, Internet, and television advertisements, as well as statements made on the packaging or labels of its products.

19.     Defendant TracFone's marketing is substantially similar for each of its brand names.  As detailed below, each of TracFone's brands are aggressively and uniformly marketed as having "no contracts" and each brand has at least one "unlimited talk, text and data" service plan available.   With respect to its "unlimited" data, talk and text plans, Defendant TracFone has repeatedly represented to consumers that these plans do not involve "contracts."

20.     Defendant TracFone's representations to consumers during the Class Period regarding the Straight Talk brand have included statements such as:  "Everything you need in a cell phone without a contract," "Unlimited Minutes, Texts & Mobile Web Access Nationwide

Anytime," and, "Cut Your Cell Phone Bill in Half and Feel Richer." These statements have been made by Defendant TracFone in various advertisements and on product packaging or labels. Examples of Defendant TracFone's advertisements and representations made under its Straight Talk brand include the following:











| | All You Need | Unlimited 1 Month | Unlimited International | Unlimited 3 Months | Unlimited 6 Months | Unlimited 1 Year |
|---|---|---|---|---|---|---|
| PRICE | $30 | $45 | $60 | $130 | $255 | $495 |
| SERVICE DAYS | 30 Days | 30 Days | 30 Days | 90 Days | 180 Days | 365 Days |
| MINUTES | 1,000 Nationwide | Unlimited Nationwide | Unlimited Nationwide & International | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide |
| TEXT OR PICTURE MESSAGES | 1,000 Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide |
| MOBILE WEB ACCESS | 30 MB | Unlimited | Unlimited | Unlimited | Unlimited | Unlimited |
| CALL TO 411 | Included at no extra charge. | Unlimited | Unlimited | Unlimited | Unlimited | Unlimited |
| CONTRACTS | No | No | No | No | No | No |
| AUTO REFILL OPTION | Yes | Yes | Yes | Yes | Yes | Yes |

21.     As part of its deceptive marketing campaign, Defendant TracFone offers under its Straight Talk brand several "unlimited" talk, text and data plans, including: a $45.00 plan for a 30 day period, a $130.00 plan for a three-month period, a $255.00 plan for a six-month period and a $495.00 plan for a one-year period.  As described herein, despite Defendant's prominent advertisements that these plans are "unlimited," Defendant fails to disclose that its "throttles," *i.e.*, artificially slows down, or completely terminates the consumer's access to data when the consumer has approached or exceeded Defendant's internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.  Thus, consumers of the Straight Talk brand are not receiving "unlimited" data as represented and are not receiving the benefit of their bargain with Defendant.

22.     As with its StraightTalk brand, Defendant TracFone has similarly conveyed to consumers that it has "unlimited" data, talk and text plans for its Net10 brand and that these "unlimited" plans involve no contracts.   During the class period, Defendant Tracfone's slogans for its Net10 brand have included: "No Bills, No Contracts, No Evil," "No Contracts and No Hidden Fees," "Best Networks Half the Cost," and "$50.00 Unlimited Data · Text · Talk." Examples of Defendant TracFone's advertisements and representations made under its Net 10 brand include the following:








23.     As part of this deceptive marketing campaign under the Net10 brand, Defendant

TracFone offers several "unlimited" talk, text and data plans, including: $50.00 for a 30 day

9

period for nationwide data, text and talk, and $65.00 for a 30 day period for international data, text and talk.  As described herein, despite TracFone's prominent advertisements that these plans are "unlimited," Defendant TracFone fails to disclose that it "throttles" or completely terminates a consumer's access to data when the consumer has approached or exceeded TracFone's internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.  Thus, consumers of the Net10 brand are not receiving "unlimited" data as represented and are not receiving the benefit of their bargain with Defendant TracFone.

24.     As with its StraightTalk and Net10 brands, Defendant TracFone has similarly conveyed to consumers that it has "unlimited" data, talk and text plans for its Simple Mobile brand and that these "unlimited" plans involve no contracts.   During the class period, Defendant Tracfone's slogans for its Simple Mobile brand have included: "Unlimited Everything Talk_Text_Web," and "Why SIMPLE Mobile? No contracts · No Credit Checks · No Complications · Unlimited minutes, texts and internet available."   Examples of Defendant TracFone's advertisements and representations made under its Simple Mobile brand include the following:







25.     As part of this deceptive marketing campaign under the Simple Mobile brand, TracFone offers several "unlimited" talk, text and data plans, including: $40.00 for a 30 day period of unlimited talk, text and 3G web, and $50.00 for 30-day period of unlimited talk, text and 4G web.  As described herein, despite TracFone's prominent advertisements that these plans are "unlimited," TracFone fails to disclose that it "throttles" or completely terminates the

consumer's access to data when the consumer has approached or exceeded TracFone's internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.  Thus, consumers of TracFone's Simple Mobile brand are not receiving "unlimited" data as represented and are not receiving the benefit of their bargain with TracFone.

26.     Finally, as with the StraightTalk, Net10, and Simple Mobile brands, Defendant TracFone has similarly conveyed to consumers that it has "unlimited" data, talk and text plans for its Telcel America brand and that these "unlimited" plans involve no contracts.  During the class period, Defendant Tracfone's slogans for its Telcel American brand have included: "Call Your Family in Mexico Without Limits or Contracts," and "30 Day Plan Unlimited Nationwide Talk, Text, Data." Examples of Defendant TracFone's advertisements and representations made under its TelCel American brand include the following:





27.     As part of this deceptive marketing campaign under this Telcel America brand, TracFone offers several "unlimited" talk, text and data plans, including: $45.00 for a 30 day period of unlimited talk, text and 4G data speeds, and $60.00 for 30-day period of unlimited international talk, text and data.   As described herein, despite TracFone's prominent advertisements that these plans are "unlimited," TracFone fails to disclose that it "throttles" or completely terminates the consumer's access to data when the consumer has approached or exceeded TracFone's internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.   Thus, consumers of TracFone's Telcel America brand are not receiving "unlimited" data as represented and are not receiving the benefit of their bargain with TracFone.

28.     All of the foregoing misrepresentations were designed to lure consumers into purchasing Defendant TracFone's cell phones and "unlimited" service plans.

29.     Despite these representations, which included explicit promises of "unlimited" talk, text and data service, Defendant TracFone systemically and uniformly throttles or terminates consumers' "unlimited" data, without any notice or warning, when these consumers exceed Defendant's undisclosed data limits.

### Defendant Wal-Mart's Deceptive Advertising and Marketing of Straight Talk Unlimited Service Plans

30.     With respect to TracFone's Straight Talk brand, TracFone and Wal-Mart entered into a cooperative arrangement whereby Wal-Mart is the exclusive retailer of Straight Talk prepaid service plans, wireless phones and SIM cards.   Working together, TracFone and Wal-Mart began marketing and selling Straight Talk branded service plans, wireless phones and SIM cards on or around October 18, 2009.

31.     Defendant Wal-Mart independently and in cooperation with Defendant TracFone, has engaged in the same deceptive marketing and made the same misleading statements as alleged in paragraphs 20 and 21 above with regard to TracPhone's Straight Talk branded phones, SIM cards and service plans.   Wal-Mart has disseminated these deceptive and misleading statements regarding the Straight Talk TracPhone products and services despite its knowledge that Defendant TracFone throttles or terminates consumer's data access on the Straight Talk "unlimited" service plans that are sold exclusively by Wal-Mart.

### Defendants Profit From Their Deceptive and Unfair Conduct

32.     Defendants lure unsuspecting consumers into purchasing TracFone cell phones, SIM cards and unlimited service plans by touting TracFone as one of the largest no-contract prepaid wireless service plans in the United States, with unlimited talk, text and data plans at half

14

the cost of the competition.  However, Defendants fail to inform consumers that TracFone's supposedly "unlimited" service plans are actually limited.

33.     In order to regulate data usage and costs, Defendant TracFone has surreptitiously implemented monthly data usage limits and prohibitions against "tethering," which is a process of connecting a computer or other device to a cell phone in order to utilize the data access of the cell phone.  These limits and prohibitions are not disclosed to consumers by Defendants, and are contrary to the widespread, uniform marketing campaigns in which Defendants advertise TracFone phones, SIM cards and unlimited service plans - prominently, on the front and center of each of its advertisements - as providing unlimited data.

34.     Defendant TracPhone regulates data usage and costs by throttling or terminating the "unlimited" data of consumers, without any notice or warning, when those consumers exceed Defendant's internally proscribed and undisclosed data usage limits or when Defendant TracFone suspects a consumer is tethering.  Throttling is the intentional slowing of internet service and is a reactive measure employed by Defendant TracPhone in an attempt to regulate network traffic and minimize bandwidth congestion.  Defendant's practice of throttling serves as a backdoor limit on data usage and unreasonably interferes with consumers' data usage by making internet access difficult or impossible.  Defendant engages in this practice in an effort to reduce its costs associated with it serving as an MVNO and needing to purchase airtime from other mobile networks in order to provide services to its own customers.

35.     Defendant TracFone's practice of throttling or terminating of consumers' data access on "unlimited" service plans is an unfair and deceptive practice in light of Defendants' affirmative representations that consumers are purchasing and can expect "unlimited" data usage.

36.     Defendants do not notify or adequately notify consumers of the above-referenced limitations Defendant TracFone imposes on its "unlimited" service plans.  Indeed, Defendants' have actively engaged in efforts to avoid such disclosures by advertising TracFone phones, SIM cards and unlimited service plans - prominently, on the front and center of each of its advertisements – in large bold font - as providing unlimited data.

37.     Defendants profit from misleading consumers about TracFone's "unlimited" service plans in numerous ways. By misleading consumers, Defendants are able to charge higher prices for "unlimited" service plans than they would be able to charge if consumers were made aware of the the true nature of the services being provide by TracFone.  In addition, Defendants are able to sell more "unlimited" service plans than they otherwise would have sold if consumers were made aware of the true nature of the services being provided by TracFone.

38.     Plaintiff and Class Members have been damaged by virtue of paying a price for products and services which were not delivered as represented.

### Consumer Complaints

39.     Despite the throttling and termination of consumers' data access, and despite widespread consumer complaints regarding same, Defendants collectively continue to market and sell  "unlimited" service plans, despite knowing that Defendant TracFone will not deliver the products and services as marketed.

40.     When consumers question Defendants about the throttling or service termination, they are sent to a "High Data Usage Hotline" where they are met with an automated message that informs consumers that their service may have been suspended or reduced "due to violation of our Terms and conditions" and that "our customer care representatives cannot override this

policy or restore" data access.   The Terms and Conditions that Defendants refer to are not adequately disclosed to consumers.

41.   The following are examples of consumers complaints about the throttling and service termination described herein:

> Straight Talk, Inc. has deceptively advertised unlimited talk, text messaging and internet data services. They abruptly ceased providing my cell phone with the contracted and advertised unlimited data service on 04-2013 without notification. Upon speaking with their customer service, the representative was hesistant to provide clear guidelines of abuse under the Terms and Conditions sections 6 and 7, but assured me that data services would be return upon my monthly renewal data 04-29-2013. I have ot had my data services restored. My account has been prepaid out to 09-29-2013.
>
> http://www.ripoffreport.com/r/Straight-Talk-Inc/Miami-Florida-33178/Straight-Talk-Inc-Straight-Talk-deceptive-advertising-Miami-Florida-1047404
>
>
> False advertising on the unlimited Data. NOT TRUE! IT IS VERY LIMITED or they shut you off!!!
>
> http://www.complaintsboard.com/complaints/straight-talk-false-advertising-c675090.html
>
> I have just used less than 3 gb of data in 20 days of there unlimited plan and they stopped my data service for violation. When called they transfer to technical department which only has automated service and nobody to talk to. So i think it is a scam and would like people think twice before signing for it.
>
> http://www.complaintsboard.com/complaints/straight-talk-scam-on-unlimited-data-c668835.html
>
>
> I called five times to get a reason for their action, the conversation always ended up with a recorded massage about my usage. Wait. I paid for unlimited access. I pay 45 dollars a month for this service. I also sent 645 dollars for an I phone 5 from Wal-Mart so I can enjoy this service. I finally asked to speak to a manager. He answered, saying also that my usage was high. I asked; why didn't

I get some kind of warning before they suspended my services. He forwarded me to the same pre recorded massage. Really.  This has to be false advertisement on behalf of Wal-Mart and Straight Talk.

http://www.complaintsboard.com/complaints/straight-talk-customer-service-c662777.html

I purchased a Net10 phone for a friend and also purchased the UNLIMITED plan. However, his phone kept being shut off after he had only used 2G of Data. Yep, 2G of Data is considered UNLIMITED to Net10. THAT should be illegal but thus far, they are getting away with it every single day! Be sure to read the fine print AND also see if they'll put it in writing that your cell phone can still use data after you hit their unlimited 2G mark. Don't get ripped off like we did. Now we have a phone without a plan because they lied about their UNLIMITED DATA. They SAY "unlimited Data" so you THINK you can use UNLIMITED amount of data but NOPE. You can't!

http://www.consumeraffairs.com/cell_phones/net_10.html

I bought an unlimited, data and calling plan and phonr..my 3G stoped working, so i called to find out what was wrong..Apperently,there is a "limite" to an "unlimited" plan..i called 10 differant times, just to be transfered to the same automated service, that said "i've exceeded my limite" .. i called and told them this is false advertising and theft by deception, yet they continued to transfer me to the same automated service..EVERYONE Of the representitives could not speak "proper english" and could not understand what i was saying..Not one!

http://www.ripoffreport.com/r/net10/miami-Florida-33178/net10-i-was-told-there-was-a-limite-to-an-unlinited-data-plan-miami-Florida-1067930

Simple Mobile Unlimited is not so unlimited after all

Simple Mobile's Unlimited Data Plan DO have limits!! Once you reach an Unknown ('cause everytime you call they say is not limited) amount of data speed slows down or they even suspend your data plan until your next ReUP.  They only say you have used too much data, and when you ask what's the limit they say they have no limit, so how can you use too much data of something unlimited? Then they say you have violated the terms and conditions, which refers to using the data plan to tether, or

broadcast, and I have never done that!! So when I place a complaint on the BBB I was contacted and explained the same thing, they even made a phone call to speak with a manager and they told me data plan was just for web browsing and email, applications such as youtube, facebook, pandora, netflix violated the terms of use. WHAT???? REALLY??? First of all I don't use Youtube, I dont even have NEtFlix, and I rarely use Facebook and Pandora, so once again... how come I am violating this terms? Besides, those apps are not specified in the Terms of Use, only the broadcasting and tethering is mentioned. So here's the deal, I've read way too many complaints about their Limited "unlimited" service and is time we make this company RESPECT our rights. We need to have what we PAY for, not less.......

http://www.ripoffreport.com/r/Simple-Mobile/internet/Simple-Mobile-TracFone-Wireless-Limited-Unlimited-Data-Service-Simple-Mobile-is-a-Fraud-959266

Do not use SimpleMobile. It is a big unlimited data usage advertising fraud. They suspended my data service and said I used too much data. They also claimed they sent me a message to change the way I used data and I never recieved that message when they suspended my data usage one and a half week before my billing cycle ended. It is a scam and don't fall for the advertising fraud.

http://www.ripoffreport.com/r/Simple-Mobile/internet/Simple-Mobile-Unlimited-Data-Fraud-Internet-1018092

I had an unlimited plan with Telcel America but at some point they've cut it and now I have only 400min/month worth of calls. I doubt that they can change our contract like that without my consent but company itself claims that they have rights for it.

http://www.complaintsboard.com/complaints/telcel-america-breach-of-contract-c671256.html

42.     In addition, independent tests conducted by consumer groups confirm Defendant

TracFone engages in the throttling or termination of data access as outlined in this Complaint.

After receiving several reports from TracFone customers about "horror stories" with their so-

called unlimited data plans, Newsbeat Epicenter ordered two separate Samsung Galaxy phones

and unlimited data plans for each phone from Defendant Wal-Mart's website.  The examiners conducted a real-world test of the unlimited plans on these phones and found that data access slowed down to nearly zero on both phones within three weeks of using the phones.  The examiners contacted Defendants and were informed that their data was throttled because they used too much data and that their service would not return to normal until they renewed the so-called unlimited service plan the following month.  The examiners then renewed the plans and the data speed returned to normal for only a few hours, only to be deactivated 12 hours later because of high data usage. *See* http://mythreecents.com/showReview.cgi?id=120749.

43.  Despite widespread consumer complaints and other independent testing confirming TracFone's deceptive conduct regarding unlimited data plans, Defendants continue to promote TracFone's unlimited data plans as providing "unlimited talk, text and data" without adequate disclosures that an "unlimited" plan is actually significantly limited and that consumers who actually use the data service will be punished with throttling or termination of their service. Notwithstanding Defendants' widespread marketing campaigns touting "unlimited" service, consumers have not received what they were promised and have thus purchased phones and service plans that are less valuable and provide less benefit than what Defendant has represented. Consumers have therefore not received the benefit of their bargain.

## CLASS ACTION ALLEGATIONS

44.  As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of himself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

45.  Plaintiff seeks to represent the following class:

> All consumers in the United States who purchased a TracPhone cell phone or SIM card and an unlimited service plan and whose

data usage was throttled or terminated prior to the expiration of the
service plan.

Excluded from the above class are Defendants and their officers, directors and employees.

46.     ***Numerosity***.  Members of the Class are so numerous and geographically dispersed
throughout the United States that joinder of all members is impracticable.  While the exact
number of Class members remains unknown at this time, upon information and belief, there are
hundreds of thousands of putative Class members throughout the United States.

47.     ***Existence and Predominance of Common Questions of Law and Fact***.  This
action involves common questions of law and fact, which predominate over any questions
affecting individual class members.  These common legal and factual questions include, but
are not limited to, the following:

   a.   whether Defendants' conduct described herein violates the Florida Deceptive and
        Unfair Trade Practices Act, F.S. §§ 501.201, *et. seq.*;

   b.   whether Defendants' marketing of TracPhone cell phones, SIM cards and service
        plans as requiring "no-contract" and being "unlimited" constitutes deceptive and
        unfair trades practice in violation of the Florida Deceptive and Unfair Trade
        Practices Act, F.S. §§ 501.201, *et. seq.*;

   c.   whether Defendants breached their express warranties with Plaintiff and the
        Class;

   d.   whether Defendants have been unjustly enriched to the detriment of Plaintiff and
        the Class;

   e.   whether Plaintiff and the Class have sustained damages as a result of the conduct
        alleged herein and, if so, what is the proper measure of such damages; and

      f.   whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

48.    ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the class because, *inter alia*, all Class members were injured through the uniform misconduct described above, were subject to Defendants' deceptive "unlimited" service plan representations, including the deceptive "unlimited" service plan statements that accompanied each and every product package.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

49.    ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the class.

50.    ***Superiority***.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Class Members number in the tens of thousands and individual joinder is impracticable.  The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the significant costs attendant to litigation on this scale compared to the significant, but relatively small, damages suffered by individual Class Members.  Further, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, a class action provides the benefits of adjudication of these issues in a single

proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.  Trial of Plaintiff's and Class Members' claims is manageable, and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.  Without a class action, the Class Members will continue to suffer damages and Defendants' violations of law will proceed without remedy while they continues to retain and reap the proceeds of their wrongful conduct.

51.     Defendants have acted and refused to act on grounds generally applicable to the class by engaging in a uniform marketing and advertising campaign containing deceptive and misleading representations and material omissions that misled Plaintiffs and the Class, thereby making appropriate final injunctive relief with respect to the classes as a whole.

<u>**FACTS SPECIFIC TO PLAINTIFF**</u>

52.     Plaintiff purchased a LG Zip by Motorola Straight Talk phone with an "unlimited" one-year service plan for $45 a month in February 2013 at Wal-Mart.  Plaintiff paid $299.00 for the phone and $540.00 for one year of the "unlimited" service plan.  Plaintiff was required to purchase the $45 a month "unlimited" service plan with his Straight Talk® phone, which was the only plan available for the Straight Talk phone that he purchased.

53.     Prior to purchasing the Straight Talk phone and "unlimited" one-year service plan, Plaintiff viewed and heard advertisements for the Straight Talk phone and "unlimited" service plan at Wal-Mart, on the television and radio, and on the product package, all of which indicated that he would receive "unlimited" talk, text and date for $45 a month, without restriction.   Plaintiff did not view, nor was Plaintiff aware of, any arbitration agreements or any class action ban as part of his purchase and use of the Straight Talk phone and "unlimited" service plan.

54.     In approximately mid-March 2013, after experiencing throttling problems with his LG Zip phone service, Plaintiff went to Wal-Mart and exchanged his LG Zip phone for a Samsung Hawaii Straight Talk phone.  Approximately three weeks later, in early April 2013, after again experiencing throttling problems with his Samsung Hawaii Straight Talk phone, Plaintiff went to Wal-Mart and exchanged his Samsung Hawaii Straight Talk phone with a LG Optimus Showtime Straight Talk phone.  Plaintiff yet again experienced throttling problems with his LG Optimus Showtime Straight Talk phone and in early May 2013, he went to Wal-Mart and exchanged his LG Optimus Showtime Straight Talk phone with another LG Zip phone.  Plaintiff is continuing to experience throttling problems with his LG Zip Straight Talk service.

55.     During the time that Plaintiff had each of the above Straight Talk phones, each of which was on the annual "unlimited" Straight Talk service plan that Plaintiff purchased, Plaintiff experienced throttling of his service, which often slowed down to the point that he was completely unable to connect to the internet.  Plaintiff has not been able to connect to the internet at all for at least half of each month he has had the Straight Talk phones and "unlimited" service plan. Plaintiff called Defendants on multiple occasions to question why his plan was subject to such aggressive throttling and each time he called, he was transferred to the "High Data Usage Hotline," which is a recorded message that does not provide any explanation why Plaintiff's "Unlimited" data plan is subject to throttling or termination because of high-data usage.

56.     When Plaintiff purchased the Straight Talk phone and Straight Talk "unlimited" service plan, Plaintiff reasonably believed that he would have unlimited talk, text and data service, and that he would not be subject to the throttling and service termination as a result of alleged high-data usage as described herein.

24

57.     Had Plaintiff known that the Straight Talk "unlimited" one year service plan was subject to data restrictions, and that these restrictions would result in limited use of his phone's data service, Plaintiff would not have purchased the Straight Talk® phone or the accompanying Straight Talk "unlimited" service plan.

58.     Plaintiff also purchased Straight Talk phones for his wife and sister, along with 3-months of the $45 a month "unlimited" service plan for each phone.  Plaintiff's wife and sister have experienced the same throttling and service termination issues that Plaintiff has experienced.

### COUNT I

**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. §501.201**

59.     Plaintiff restates and realleges paragraphs 1 through 58 as if fully set forth herein.

60.     Plaintiff asserts this cause of action on behalf of himself and the Class.

61.     Plaintiff and Class members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

62.     FDUPTA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

63.     For the reasons discussed herein, Defendants violated and continue to violate FDUPTA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq*.  Defendants' affirmative misrepresentations, omissions and practices described herein were likely to, and did in fact, deceive and mislead

members of the public, including consumers acting reasonably under the circumstances, to their detriment.

64.     Defendants' actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged above, *inter alia*, Defendants engaged in deceptive and misleading advertising, and misrepresented and omitted material facts regarding TracFone's "unlimited" service plans, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

65.     Plaintiff and the Class reserve the right to allege other violations of FDUPTA as Defendant's conduct is ongoing.

66.     As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and the Class members have been damaged and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.  In addition, Plaintiff and the Class seek equitable relief and to enjoin Defendants on the terms that the Court considers reasonable, and reasonable attorneys' fees.


## COUNT II

### Breach of Express Warranty

67.     Plaintiff restates and realleges paragraphs 1 through 58 as if fully set forth herein.

68.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased a TracFone branded phone or SIM card and an "unlimited" service plan.  The terms of that contract include the promises and affirmations of fact made by Defendants on the product labels and through their marketing

campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

69.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

70.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product which provided the promised benefits as described above.

71.     As a result of Defendants' breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Straight Talk® phone and "unlimited" service plan.

## COUNT III

### Unjust Enrichment

72.     Plaintiff restates and realleges paragraphs 1 through 58 as if fully set forth herein.

73.     Plaintiff and the Class have conferred a benefit upon Defendants by purchasing the TracFone branded phones and "unlimited" service plans, which did not perform as promised.

74.     By their deceptive, misleading and unlawful conduct alleged herein, Defendants have unjustly received and retained a benefit at the expense of Plaintiffs and Class Members.

75.     Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and the Class that it unjustly received as result of its deceptive, misleading and unlawful conduct alleged herein without providing compensation to Plaintiff and Class Members.

76.     Plaintiff and the Class have suffered financial loss as a direct result of Defendants' conduct.

77.     Plaintiff and Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendants, and for such other relief that this Court deems proper, as a result of their deceptive, misleading and unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class Members, prays for judgment against Defendants as follows:

A.     Certification of this case as a class action;

B.     Appointment of Plaintiff as representative of the Class.

C.     Appointment of the undersigned as Class Counsel.

D.     Holding Defendants liable to Plaintiff and Class Members for actual damages in such amount as the Court or Jury may determine;

E.     Awarding compensatory damages against Defendants in favor of Plaintiff and the Class for damages sustained as a result of Defendants' wrongdoing, together with interest thereon;

F.     Awarding injunctive relief as permitted by law, including, but not necessarily limited to, a corrective marketing campaign in a way that informs a reasonable consumer of the limits on Defendants' unlimited service plans;

G.     Awarding Plaintiff and Class Members attorneys' fees and all litigation costs;

H.     Awarding Plaintiff and Class Members such other equitable and legal relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by

jury.

Dated:      November 18, 2013

Respectfully submitted,

/s/J. Andrew Meyer
J. ANDREW MEYER, ESQUIRE
Florida Bar No. 0056766
JOHN YANCHUNIS, ESQUIRE
Florida Bar. No. 0324681
RACHEL SOFFIN, ESQUIRE
Florida Bar No. 018054
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida  33602
Telephone:  (813) 223-5505
Facsimile:  (813) 222-4787
Email: ameyer@forthepeople.com
        jyanchunis@forthepeople.com
        rsoffin@forthepeople.com