# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TRACFONE UNLIMITED SERVICE PLAN LITIGATION | Case No.  13-cv-03440-EMC<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date: February 19, 2015<br>Time: 1:30 p.m.<br>Location: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

1  This matter comes before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Settlement.  The Parties have entered into a Class Settlement Agreement (the "Settlement") which, if approved, would resolve these four consolidated class actions[1] (collectively, the "Action" or the "Class Action Lawsuits").  Upon review and consideration of the motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice to the Class and the proposed Claim Form, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement; (2) provisionally certifying the Class for settlement purposes only; (3) appointing Class Counsel and Plaintiffs to represent the Class; (4) approving the Parties' proposed notice program and forms of notice substantially similar to those forms attached to the Settlement, and directing that notice be disseminated to the Class pursuant to the notice program provided in the Settlement; (5) approving the Parties' proposed Claim Form, and approving the procedures set forth in the Settlement for Class Members to submit claims, exclude themselves from the Class, and object to the Settlement; (6) appointing a Settlement Administrator to conduct the duties assigned to that position in the Settlement; (7) staying all non-Settlement related proceedings in the Action pending final approval of the Settlement; and (8) setting a hearing (the "Fairness Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service award for the Plaintiffs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the Parties.  Venue is proper in this District.

3.  This Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e).  The Class is defined as follows:

---

[1] *Hansell v. TracFone Wireless, Inc., et al.*, Case No. 13-cv-03440-EMC (N.D. Cal.); *Gandhi v. TracFone Wireless, Inc.*, Case No. 13-cv-05296-EMC (N.D. Cal.); *Blaqmoor v. TracFone Wireless, Inc.*, Case No. 13-cv-05295-EMC (N.D. Cal.); and *Browning v. TracFone Wireless, Inc., et al.*, Case No. 14-cv-01347-EMC (N.D. Cal.).

- 1 -
[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 13-CV-03440-EMC

All persons who purchased, in the United States, a Straight Talk, Net10, Simple Mobile, or Telcel America wireless service plan with "unlimited" data, who, at any time during the Class Period (i.e., from July 24, 2009 through and including December 31, 2014), at TracFone's request, had their data usage Throttled, Suspended, or had all of their Services Terminated prior to the expiration of their service plan.  Defendants are excluded from the Class as well as any entity in which either of the Defendants has a controlling interest, along with Defendants' legal representatives, officers, directors, assignees, and successors. Also excluded from the Class is any judge to whom the Class Action Lawsuits are assigned, together with any relative of such judge and the spouse of any such persons.

4. Certification of the Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

5. The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible judicial approval.

6. The Court appoints the following as Class Counsel: Michael W. Sobol of Lieff, Cabraser, Heimann & Bernstein, LLP; Daniel M. Hattis of Hattis Law; and John A. Yanchunis, Sr. and J. Andrew Meyer of Morgan & Morgan Complex Litigation Group.

7. The Court appoints Plaintiffs David Hansell, Edward Tooley, Christopher Valdez, Mona Gandhi, Marisha Johnston, Marshall Tietje, Martin Blaqmoor, and John Browning as class representatives for the Class.

8. The Court appoints Analytics LLC ("Analytics") to serve as the Settlement Administrator, and directs Analytics to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

9. The Court approves the program for disseminating notice to the Class set forth in the Settlement (the "Notice Program").  The Court approves the form and content of the proposed forms of notice, in the forms attached to the Settlement as Exhibits 2, 6, 7, and 8.  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class in full compliance with the requirements of applicable law,

including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

10. The Court approves the form and content of the proposed Claim Form, in the form attached to the Settlement as Exhibit 1, and approves the procedures set forth in the Settlement for Class Members to submit Claims.

11. Pursuant to the terms of the Settlement, to the extent TracFone has not already done so, upon the entry of this Order, TracFone shall provide to the Settlement Administrator the Customer Data for the Settlement Administrator's use in disseminating notice and processing Claims. The Customer Data shall include all information available to TracFone regarding the Throttling, Suspension, and Services Terminated that occurred, and the timing thereof, for each Affected TracFone Account during the Class Period, as well as any contact information that TracFone has in its records for each Affected TracFone Account, including customer name(s) last known mailing address(es), and email address(es).

12. The "Notice Date" shall be thirty (30) days following the entry of this Order.

13. <u>Mailed Notice</u>. By no later than the Notice Date, the Settlement Administrator shall update the mailing addresses in the Customer Data through the National Change of Address Database, and send the Summary Settlement Notice, substantially in the form attached as Exhibit 6 to the Settlement, by First-Class U.S. Mail, proper postage prepaid, to each mailing address in the Customer Data, as updated. For any mailed Summary Settlement Notices that are returned with forwarding address information, the Settlement Administrator shall re-mail the Summary Settlement Notice once to the new address indicated. For any mailed Summary Settlement Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall make reasonable efforts to identify an updated address and promptly re-mail the Summary Settlement Notice to the extent an updated address is identified.

14. <u>Email Notice</u>. By no later than the Notice Date, the Settlement Administrator shall email the Email Summary Notice, substantially in the form attached as Exhibit 8 to the Settlement, to each email address in the Customer Data that is not indicated in the Customer Data as being on TracFone's do not contact list. By no later than seven (7) days following the Notice Date, the Settlement Administrator shall email the Email Summary Notice, substantially

in the form attached as Exhibit 8 to the Settlement, to each email address that is not in the Customer Data but that is provided on a Claim Form received by the Settlement Administrator prior to or on the Notice Date. The "Sender" address and subject lines for all emails covered by this paragraph shall be as set forth in the Settlement.

15. <u>Publication, Media, and Internet Notice</u>. Notice shall also be provided via publication notice of the Summary Settlement Notice, substantially in the form attached as Exhibit 6 to the Settlement, and via a media and Internet notice program, including banner ads on Internet sites and mobile applications targeted to the Class, as set forth in the Settlement. The publication, media, and Internet notice program described in this paragraph shall commence as soon as practicable following the entry of this Order and, in all events, shall commence not later than the Notice Date.

16. <u>Additional Internet-Based Notice</u>. Beginning no later than the Notice Date, and lasting until and through the Claim Deadline, Defendants shall cause a notice to be posted prominently on the Straight Talk, Net10, Simple Mobile, and Telcel America brands' Facebook pages and Internet home pages—including the pages that customers view when logging into their online TracFone accounts. The content of such notices shall be as set forth in the Settlement.

17. <u>SMS Notice</u>. The Court directs TracFone to send, by no later than seven (7) days following the Notice Date, via SMS (text message), the SMS Notice, substantially in the form attached as Exhibit 7 to the Settlement, to all Class Members who, on the date the SMS messages are sent, are current subscribers to a TracFone data service plan and who have not opted out of receiving such messages. The recipients of such SMS messages shall not be charged for such messages. The Court expressly finds that the SMS messages ordered to be sent under this paragraph are informational messages pertaining to the TracFone subscribers' service. By no later than seven (7) days following the date the SMS messages are sent, TracFone shall also provide to the Settlement Administrator a list of Class Members who are current subscribers to a TracFone data service plan and the corresponding telephone numbers as of the date the SMS messages are sent.

18. <u>Settlement Website</u>. The Settlement Administrator shall establish and maintain

1  an Internet website, at the web address www.PrepaidPhoneRefund.com ("Settlement Website")
2  where Class Members can obtain further information about the terms of the Settlement, their
3  rights, important dates and deadlines, and related information. Class Members shall also be able
4  to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall
5  include, in PDF format, the operative complaints in the Class Action Lawsuits, the Settlement
6  Agreement, the Class Notice, Class Counsel's Fee Application (after it is filed), and other case
7  documents as agreed upon by the Parties and/or required by the Court. The Settlement Website
8  shall be optimized for display on mobile phones. The Settlement Website shall be operational
9  and live by no later than one (1) business day following the entry of this Order.

10       19. <u>Toll-Free Telephone Number</u>. The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Class Members can obtain further information about the Settlement and their rights, and request that a hard copy Claim Form or Class Notice be mailed to them. The Toll-Free Number shall be operational and live by no later than one (1) business day following the entry of this Order.

     20. By no later than forty-five (45) days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court declaration(s) detailing the scope, methods, and results of the Notice Program.

     21. Settlement Class Members who wish to submit a Claim shall have the option of submitting Claim Forms online via the Settlement Website or by mail. Claim Forms submitted online must be submitted by no later than [90 days following the Notice Date] (hereinafter the "Claim Deadline"). Claim Forms submitted by mail must be postmarked no later than the Claim Deadline.

     22. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than [60 days following the Notice Date], and must include: (a) their full name, address and telephone number; (b) a statement that they want to be excluded from the settlement in *In re TracFone Unlimited Service Plan Litigation*; and (c) their signature.

     23. If the Settlement is finally approved and becomes effective, any Class Member who does not send a timely and valid request for exclusion shall be a Settlement Class Member

and shall be bound by all subsequent proceedings, orders, and judgments in the Class Action Lawsuits, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against Defendants relating to the claims and transactions released in the Class Action Lawsuits.

24. Any Settlement Class Member may object to the Settlement, Class Counsel's request for attorneys' fees and expenses ("Fee Application"), and/or any request for service awards for the Plaintiffs.  To be considered, an objection must be made in writing, must be mailed to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than [60 days following the Notice Date], and must include the following: (1) the name of this case; (2) the objector's full name, address and telephone number; (3) the basis upon which the objector claims to be a Class Member, including: (a) the brand(s) (Straight Talk, Net10, Simple Mobile, or Telcel America) of the mobile service that the objector believes may have been subject to throttling, suspension, or termination; (b) their mobile telephone number(s) for the brand(s); and (c) the approximate time period when they had that mobile service; (4) all grounds for the objection, accompanied by any legal and factual support; (5) whether the objector is represented by counsel, and if so the identity of such counsel; (6) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; (7) the identity of any counsel who will appear at the Fairness Hearing on the objector's behalf; (8) a list of any witnesses the objector will call to testify, or any documents or exhibits they may use, at the Fairness Hearing; and (9) the objector's signature.

25. Any Settlement Class Member who submits a timely and valid written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's own expense, if they indicate in their written objection their intent to appear at the Fairness Hearing.  Any Settlement Class Member who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement and any Final Order and Final Judgment entered approving it, Class Counsel's Fee Application or any request for service awards for the Plaintiffs.

26. The Settlement Administrator shall promptly after receipt provide to Class

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 13-CV-03440-EMC

Counsel and Defendants' Counsel copies of any requests for exclusion and objections, including any related correspondence.

27. By no later than ten (10) days before the Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a complete and final list of Class Members who submitted timely and valid requests to exclude themselves from the Class; and (b) copies of all timely and valid written objections and requests to appear at the Fairness Hearing.

28. The Court directs that the Fairness Hearing be scheduled for _____, 2015, at __o'clock __.m. to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Settlement Class Members; whether Final Judgment should be entered dismissing the Action and the Class Action Lawsuits with prejudice; whether Class Counsel's Fee Application should be approved; and whether any request for service awards for the Plaintiffs should be approved.

29. The Parties shall file any motions in support of final approval of the Settlement by no later than [30 days following the Notice Date]. Class Counsel shall file their Fee Application and any request for Plaintiff service awards by no later than [30 days following the Notice Date]. After it is filed, Class Counsel's Fee Application and request for Plaintiff service awards shall be posted on the Settlement Website.

30. The Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of final approval of the Settlement or Class Counsel's Fee Application or request for Plaintiff service awards, by no later than [80 days following the Notice Date].

31. The Court reserves the right to modify the date of the Fairness Hearing and related deadlines set forth herein. In the event the Fairness Hearing is moved, the new date and time shall be posted on the Settlement Website.

32. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement; (b) the Settlement is terminated in accordance with the Settlement; or (c) the Settlement does not become effective pursuant to

1  the terms of the Settlement for any other reason.  In such event, the Settlement shall become null
2  and void and be of no further force and effect, and neither the Settlement nor the Court's orders
3  relating to the Settlement, including this Order, shall be used for any purpose.

4        33.     If the Settlement does not become final and effective pursuant to the terms of the
5  Settlement, this Order shall have no force or effect, and shall not be construed or used as an
6  admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach,
7  or liability, or be construed or used as an admission, concession, or declaration by or against any
8  of the Plaintiffs or Class Members that their claims lack merit or that the relief requested is
9  inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he,
   she, or it may have in this Action or in any other lawsuit.

10       34.     Pending the final determination of whether the Settlement should be approved, all
11 proceedings in this Action and the Class Action Lawsuits, except as may be necessary to
12 implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

13       35.     Pending the final determination of whether the Settlement should be approved,
14 Plaintiff and each Settlement Class Member, and any person purportedly acting on behalf of any
15 Settlement Class Member(s), are hereby enjoined from commencing, pursuing, maintaining,
16 enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial,
17 administrative, arbitral or other forum, including but not limited to in the Class Action Lawsuits,
18 against any of the Released Parties, provided that this injunction shall not apply to the claims of
19 any Class Members who have timely and validly requested to be excluded from the Class.  Such
20 injunction shall remain in force until final approval or until such time as the Parties notify the
21 Court that the Settlement has been terminated.  This injunction is necessary to protect and
22 effectuate the Settlement, this Order and this Court's authority regarding the Settlement, and is
23 ordered in aid of this Court's jurisdiction and to protect its judgments.

24       36.     The following chart summarizes the dates and deadlines set by this Order:

| Last day for TracFone to provide the Customer Data to the Settlement Administrator | **[Upon entry of the Preliminary Approval Order, to the extent TracFone has not already done so in compliance with the Settlement.]** |
|---|---|

- 8 -

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 13-CV-03440-EMC

| | |
|---|---|
| Notice Date | **[30 days following entry of the Preliminary Approval Order]** |
| Last day for: (a) the Parties to file any motions in support of final approval of the Settlement; and (b) Class Counsel to file their Fee Application and request for service awards for Plaintiffs | **[30 days following the Notice Date]** |
| Opt-Out Deadline | **[60 days following the Notice Date]** |
| Objection Deadline | **[60 days following the Notice Date]** |
| Last day for the Parties to file any responses to objections, and any reply papers in support of final approval of the Settlement or Class Counsel's Fee Application or request for Plaintiff service awards | **[80 days following the Notice Date]** |
| Claim Deadline | **[90 days following the Notice Date]** |
| Fairness Hearing | **_____ ___, 2015 at _:_ _.m. [No earlier than the Claim Deadline]** |

IT IS SO ORDERED.

Dated: _____          _____
                                                                           EDWARD M. CHEN

                                                                           United States District Judge